IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTHA HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| ALIVE HOSPICE, INC. ) | Judge _____ |
| ) | Magistrate Judge _____ |
| Defendant. ) | |
| ) | JURY DEMAND |

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel and for cause of action against the Defendant, would respectfully state as follows:

## PARTIES

1. Plaintiff Martha Holmes is a citizen of the United States, who resides in Westmoreland, Tennessee, Sumner County. At all times material, Plaintiff was employed by Defendant, Alive Hospice.

2. Defendant, Alive Hospice is a non-profit entity that with its principal place of business being 1718 Patterson Street, Nashville, Davidson County, Tennessee. Defendant employs over five hundred (500) people. Defendant can be served thru its Registered Agent: National Registered Agents, Inc., 2300 Hillsboro Road, Suite 305, Nashville, Tennessee 37212.

## JURISDICTION AND VENUE

3. This suit is brought and jurisdiction in this Court is pursuant to Section 107(a) of the Americans with Disability Act, 42 U.S.C Section 12117, which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964 and the Family Medical Leave Act.

Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g). The actions which violate the ADA were committed in Nashville, Davidson County, Tennessee where the Plaintiff worked for the Defendant and the Defendant had a place of business.

4. Plaintiff filed a charge of discrimination with the EEOC a received a right to sue letter on March 24, 2011 and has met all the conditions precedent to bringing this action.

5. Venue is proper as the Defendant is a resident of this district and/or all the acts or omissions which give rise to this cause of action occurred within this district.

**FACTUAL ALLEGATIONS**

6. Defendant is a person within the meaning of Section 101(7) of the ADA, 42 U.S.C. Section 12111(7).

7. Plaintiff is a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. Section 12111(8), the Family Medical Leave Act and Plaintiff is an individual with a disability who, with reasonable accommodation, could have performed the essential functions of his former position with Defendant employer.

8. That at all relevant times, Plaintiff has been inflicted with Multiple Sclerosis Plaintiff's disabilities prevent her from enjoying one or more major life activities. As such, Plaintiff is an individual with a disability as that term is defined in Section 3(2) of the ADA, 42 U.S.C. Section 12102(2).

9. Defendant is an employer within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. Section 12111(5)(A). At all times, Plaintiff was discriminated and retaliated against in her employment based on a perceived disability and/or for filing a charge of discrimination against Defendant.

10. Plaintiff was hired by Defendant around April 4, 2008 as an LPN. Plaintiff's job was to provide LPN care for clients or Defendant in their home.

11. Upon being diagnosed with Multiple Sclerosis, Plaintiff informed her employer of the same and the need to use leave under the Family Medical Leave Act for treatment of her MS.

12. Plaintiff did not use all of the leave she was entitled under the Family Medical Leave Act.

13. Plaintiff was released to return to work in or about May of 2010. Plaintiff informed her employer that she was released and available to resume her normal duties. Defendant, however, refused to place Plaintiff back on the schedule or assign her any duties. As such, Defendant terminated Plaintiff's employment.

14. After her termination, Plaintiff applied for an open posted position with Defendant. This was the same position with the same job duties Plaintiff had been performing prior to her exercising leave under the Family Medical Leave Act.

15. Plaintiff was qualified, able and available to perform in this position.

16. Plaintiff was not selected for this position. Plaintiff's disability, use of leave under the Family Medical Leave Act, and complaint of discrimination was the motivating factor in her non-selection.

17. Based on the foregoing, Plaintiff submits that she was unfairly thought of and regarded as having a disability and that Defendant discriminated and retaliated against Plaintiff because of her disabilities, request for leave and complaint of discrimination.

18. As a result, Ms. Holmes has suffered and continues to suffer a loss of income and other employment benefits, and suffered and continued to suffer distress, humiliation, embarrassment, and emotional pain along with other damages.

19. On March 24, 2011, Plaintiff received a Right to Sue letter from the EEOC.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that the Court grant the following relief to Plaintiff:

1. That process issue and Defendant be required to respond to this Complaint within the time period prescribed by law;

2. That a jury be empanelled to hear and decide the merits and damages;

3. Order Defendant to make Plaintiff whole by providing her with appropriate back pay with interest, front pay, insurance premiums and medical costs, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

4. That Defendant be permanently and forever enjoined from any further prohibitive discrimination against Plaintiff;

5. Order that Defendant employer make Plaintiff whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, embarrassment and humiliation in an amount to be proven at trial;

6. That Plaintiff be awarded compensatory damages in an amount to be determined at the trial of this cause;

7. That Plaintiff be awarded punitive damages, if applicable, in an amount to be determined at the trial of this cause;

8. That Plaintiff be awarded reasonable attorney's fees, including litigation expenses and costs for having to bring this manner;

9. Such other and further legal or equitable relief to which she may be entitled; and

10. That Plaintiff be granted such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted;

**KELLY, KELLY & ALLMAN**

/s/ Andy L. Allman
Andy L. Allman, BPR. No. 17857
629 East Main Street
Hendersonville, Tennessee 37075
Telephone: (615) 824-3703
Facsimile: (615) 824-2674
andylallman@comcast.net


/s/ Andrew C. Clarke
Andrew C. Clarke, BPR No. 15409
6250 Poplar Avenue, Second Floor
Memphis, Tennessee 38119
Telephone: (901) 590-0761
Facsimile: (901) 590-0776
aclarke@accfirm.com

*Attorneys for Plaintiff*